CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 23 2018
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SHIRLEY M. WALKER, )
)
    Plaintiff, ) Civil Action No. 7:18CV00258
)
v. ) **MEMORANDUM OPINION**
)
PHEASANT RIDGE SENIOR LIVING ) By: Hon. Glen E. Conrad
and ANN DUNBAR, ) Senior United States District Judge
)
    Defendants. )

This pro se employment discrimination action is presently before the court on the defendants' motion to dismiss. For the reasons set forth below, the court will grant the defendants' motion.

## Background

The plaintiff, Shirley M. Walker, is an African-American woman over the age of 50. She was previously employed at Pheasant Ridge Senior Living ("Pheasant Ridge"), where Ann Dunbar currently serves as the executive director. Walker alleges that she was constructively discharged in December of 2016. In February of 2017, Walker learned that a younger Caucasian employee had been selected for a position for which she had previously applied.

On May 10, 2018, Walker filed the instant action in the Circuit Court for the City of Roanoke, asserting claims of discrimination on the bases of race, color, and age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). Walker named Pheasant Ridge and Dunbar as defendants.

Walker's complaint includes several attachments, including the charge of discrimination that she filed with the Equal Employment Opportunity Commission ("EEOC") and the Virginia

Division of Human Rights on January 29, 2018. Walker also submitted a copy of the "Dismissal and Notice of Rights" letter (right-to-sue letter) that she received from the EEOC, which informed her that the charge of discrimination had not been timely filed. The letter indicates that it was mailed on February 5, 2018.

The defendants removed the case to this court on June 8, 2018. Upon removal, the defendants moved to dismiss Walker's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendants' motion has been fully briefed and is ripe for review.

## Standard of Review

Rule 12(b)(6) permits a party to move for dismissal for failure to state a claim upon which can be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). In considering a Rule 12(b)(6) motion, the court may "consider exhibits attached to the complaint." Cooksey v. Futrell, 721 F.3d 226, 234 (4th Cir. 2013) (citation and internal quotation marks omitted).

## Discussion

The defendants have moved to dismiss Walker's claims of discrimination under Title VII and the ADEA on three grounds. First, the defendants argue that Walker failed to timely file a charge of discrimination with the EEOC. Second, the defendants contend that Walker failed to file the instant action within 90 days of receiving the right-to-sue letter from the EEOC. Third,

the defendants argue that Dunbar is not a proper defendant to an action under Title VII or the ADEA. For the following reasons, the court concludes that all three arguments have merit.

### I. Failure to File a Timely Charge of Discrimination

"Before a plaintiff may file suit under Title VII or the ADEA, [she] is required to file a charge of discrimination with the EEOC." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C. § 2000e-5(f)(1) (Title VII) and 29 U.S.C. § 626(d) (ADEA)). In a "deferral state" like Virginia, the charge must be filed within 300 days of the last discriminatory act alleged. Edelman v. Lynchburg College, 300 F.3d 400, 404 (4th Cir. 2002). This limitation period applies to claims under Title VII and the ADEA. Jones, 551 F.3d at 300. Failure to timely file a charge of discrimination precludes relief under both statutes. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) ("A claim is time barred if it is not filed within these limits."); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996) ("Charges filed outside that time frame are barred . . . .").

In this case, the plaintiff alleges that she was constructively discharged in December of 2016, and that she learned in February of 2017 that a younger, less qualified individual of a different race had received a promotion for which she had applied. Because both events occurred more than 300 days before Walker filed her charge of discrimination on January 29, 2018, the court concludes that her charge was untimely.

Having reached this conclusion, the court must determine whether Walker is entitled to equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding that "filing a timely charge of discrimination is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like the statute of limitations, is subject to waiver, estoppel, and equitable tolling"). "Plaintiffs are entitled to equitable tolling only if they show that they have pursued their

rights diligently and extraordinary circumstances prevented them from filing on time." Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016) (emphasis in original). The United States Court of Appeals for the Fourth Circuit has explained that "equitable tolling is reserved for 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Id. (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Upon review of the record, the court finds no basis for equitable tolling. In response to the defendants' motion, Walker acknowledges that she "miscalculated [her] timeline in error with [the] EEOC." Pl.'s Br. in Resp. 11, Docket No. 11. However, she does not identify any circumstances beyond her control, or external to her own conduct, that prevented her from filing the charge of discrimination on time. Although Walker is proceeding pro se and may be unfamiliar with the law, neither circumstance provides a basis for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2014) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Accordingly, her claims under Title VII and the ADEA are subject to dismissal for failure to timely file a charge of discrimination.

## II. <u>Failure to Timely File Suit</u>

Walker's claims are also subject to dismissal because she failed to timely file the instant action. Under both Title VII and the ADEA, a plaintiff must file suit within 90 days of receiving a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA). The 90-day filing requirement is "strictly construed." Asbury v. City of Roanoke, 599 F. Supp. 2d 712, 716 (W.D. Va. 2009). In the absence of waiver, estoppel, or

4

equitable tolling, "a lawsuit filed in excess of the 90-day period will be dismissed." Panyanouvong v. Vienna Wolftrap Hotel, 525 F. Supp. 2d 793, 796 (E.D. Va. 2007).

The date on which the plaintiff received a right-to-sue letter from the EEOC is "critical in determining the commencement of the 90-day period." Nguyen v. Inova Alexandria Hops., No. 98-2215, 1999 U.S. App. LEXIS 17978, at *7 (4th Cir. July 30, 1999). If the date of receipt is established by the evidence, that date is used to determine the 90-day filing period. Id. If the date of receipt is unknown or in dispute, it is presumed that the letter was received within three days after it was mailed by the EEOC. Id. (citing Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984)).

In this case, the date that Walker received the right-to-sue letter from the EEOC is unknown or in dispute.* Consequently, the court will presume that Walker received the right-to-sue letter on February 8, 2018, three postal days after it was mailed by the EEOC. The 90-day period commenced on that date and expired on May 9, 2018, the day before the instant action was filed. In the absence of any apparent justification for equitable tolling of the 90-day filing period, the court concludes that Walker's claims under Title VII and the ADEA are time-barred. See Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 653-54 (4th Cir. 1987) (affirming the dismissal of a suit filed 91 days after receipt of the right-to-sue letter).

### III. Claims against Dunbar

Finally, even if Walker's claims had been timely filed, Dunbar could not be held individually liable since she was not Walker's "employer" for purposes of Title VII or the ADEA. See Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (holding that "the ADEA limits civil liability to the employer" and that the vice-president responsible for the adverse

---

* In her response to the defendants' motion, Walker alleges that she received the right-to-sue letter "on or about February 10, 2017." Pl.'s Br. in Resp. 1. However, that date appears to be in error since Walker did not file her charge of discrimination until January 29, 2018.

5

employment decision was therefore "not a proper defendant"); Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998) (holding that the "Title VII definition of employer must be read in the same fashion as the ADEA definition of employer" and that supervisors are therefore "not liable in their individual capacities for Title VII violations").

## Conclusion

For the reasons stated, the court will grant the defendants' motion to dismiss. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This 23rd day of July, 2018.

_____
Senior United States District Judge